IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1574-T |
| ) | |
| TERRY EDMINSTEN, *et al*., ) | |
| ) | |
| Defendants ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983.[1] The matter was referred to United States Magistrate Judge Gary M. Purcell for initial review. On May 25, 2005, Judge Purcell issued his "Supplemental Report and Recommendation." On June 14, 2005, Plaintiff filed his "Objection to Supplemental Report and Recommendation." The matter is at issue.

    1.    <u>Challenge to Disciplinary Proceedings</u>:

In the first part of the Report and Recommendation, Judge Purcell recommended the Court dismiss Plaintiff's challenge to the disciplinary proceedings without prejudice as the claim is premature. In support of his recommendation, Judge Purcell cited <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997). In his objection, Plaintiff cites <u>Muhammad v. Close</u>, 124 S.Ct. 1303, 1306 (2004), and argues that his claim should not be dismissed unless "it is clear that no relief can be granted under any set of circumstances that could be proved consistent with the allegations." (Objection at 5.)

---

[1] *Plaintiff's original complaint was filed November 18, 2004, and his "Amended Civil Rights Complaint Pursuant to 42 U.S.C. §1983" was filed on May 4, 2005. As the amended complaint "supersedes the complaint it modifies and renders the prior complaint of no legal effect," <u>Fullerton v. Maynard</u>, 1991 WL 166400 (10th Cir. 1991) (unpublished disposition), the Court will only consider and review the allegations contained in Plaintiff's amended complaint.*

Plaintiff's discussion of <u>Muhammad</u> demonstrates, however, that he is not entitled to relief. Plaintiff admits that, through his action, he seeks "to unwind the judgment of the Defendants' judgment in his Disciplinary Actions." (Objection at 4.) Thus, it is clear, as stated in the Report and Recommendation, that Plaintiff's claim is subject to dismissal as the disciplinary proceedings have not been set aside or invalidated. <u>Witmer v. Powell</u>, 114 Fed.Appx. 372, 2004 WL 2491765 at *2 n. 2 (10th Cir. 2004) (unpublished disposition).

2.  <u>Removal from Prison Job</u>:

In the next portion of the Report and Recommendation, Judge Purcell recommended that Plaintiff's claim regarding his dismissal from his prison job be dismissed for failure to state a claim upon which relief can be granted as Plaintiff does not have a liberty interest in a prison job. Judge Purcell cited <u>Penrod v. Zavaras</u> Plaintiff, 94 F.3d 1399, 1407 (10th Cir. 1996) and <u>Williams v. Meese</u>, 926 F.2d 994, 998 (10th Cir. 1991). In his objection, Plaintiff acknowledges that Judge Purcell correctly cited the general rule; however, Plaintiff argues his case falls within an exception recognized in <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995).

Upon review, the Court finds Plaintiff's case is not one of the "atypical" cases referred to in <u>Sandin</u>. <u>Id.</u>, 515 U.S. 472, 484, 116 S.Ct. at 2300. Rather, Plaintiff's case clearly falls within the general rule. Thus, it is clear, as stated in the Report and Recommendation, that Plaintiff's claim is subject to dismissal. <u>Johnson v. Ward</u>, 76 Fed.Appx. 858, 2003 WL 21918645 at *2 (10th Cir. 2003) (unpublished disposition).

3.  <u>First Amendment Claim</u>:

2

In the next portion of the Report and Recommendation, Judge Purcell recommends that Plaintiff's First Amendment claim, which he construes as a claim for retaliation for exercise of his First Amendment rights, should be dismissed for failure to state a claim upon which relief can be granted. Petitioner's objection to the recommendation was presented in two parts. First, Plaintiff argues he has pled "two separate and distinct instances of retaliatory conduct by the Defendants at two different state prisons on different dates." Plaintiff argues that these instances, while distinct, show a "pattern of [sic] practice of retaliation by Defendants and their agents, against the Plaintiff for exercising his First Amendment right to freedom of speech and access to courts." Second, Plaintiff argues that his pleading provides ample facts from which a retaliatory motive can be inferred.

Plaintiff's argument fails to demonstrate an error in the Report and Recommendation. The Court has reviewed Plaintiff's claim and determines, consistent with the Report and Recommendation, that Plaintiff has presented no facts from which to infer that his removal from his prison job, the institution of disciplinary proceedings, classification decisions, decisions in his administrative appeal of misconducts, or his transfer to another prison and placement in temporary lock-down status were, in any manner, retaliatory. Thus, it is clear that, as stated in the Report and Recommendation, Plaintiff's claim is subject to dismissal.

4.      <u>Free Exercise of Religion Claim and Exhaustion of Administrative Remedies</u>:

In the next portion of the Report and Recommendation, Judge Purcell recommends that Plaintiff's claims regarding his request for a religious-based diet, his request for access to the facility chapel and to participate in a religious fast, and "the confiscation and subsequent loss of his religious . . . books" at OSP in August of 2004 should be dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit. In his response, Plaintiff argues that Judge Purcell ignored his

statement in the amended complaint that he "followed all of the policy of the Oklahoma Department of Corrections" prior to filing suit. (Objection at 10.)

As noted in the Report and Recommendation, it is not enough for a prisoner such as Plaintiff to simply state, without a detailed explanation, that he has exhausted his administrative remedies; rather, Plaintiff must "attach[ ] a copy of the applicable administrative dispositions" demonstrating exhaustion or explicitly describe his efforts at exhaustion. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003). As it is clear from the documentation attached to Plaintiff's amended complaint that Plaintiff did not fully exhaust his administrative remedies prior to filing his complaint, this claim is properly dismissed. Tyler v. Utah, 2005 WL 1253968 (10th Cir. 2005) (unpublished disposition).

5.  Deprivation of Property and Exhibit of Administrative Remedies:

In the final portion of the Report and Recommendation, Judge Purcell recommends that Plaintiff's claims regarding the deprivation of his personal property should be dismissed without prejudice as Plaintiff did not fully exhaust his administrative remedies prior to filing suit. Plaintiff did not object to this recommendation. Accordingly, Plaintiff has waived any objection thereto. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.").

CONCLUSION

For the foregoing reasons, the Court ADOPTS the May 25, 2005, "Supplemental Report and Recommendation;" OVERRULES Plaintiff's "Objection to Supplemental Report and Recommendation;" and DISMISSES Plaintiff's "Amended Civil Rights Complaint Pursuant to 42 U.S.C. §1983."

IT IS SO ORDERED this 29th day of June, 2005.

*[signature]*

---
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE